IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

POINTE ESTERO CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

CASE NO.:

vs.

LANDMARK AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, LANDMARK AMERICAN INSURANCE COMPANY (hereinafter "LANDMARK"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a), removes the action filed against LANDMARK pending in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, styled *Pointe Estero Condominium Association, Inc. vs. Landmark American Insurance Company*, Case No. 22-CA-003905, and states:

## TIMELY NOTICE OF REMOVAL

On September 9, 2022, Plaintiff filed a Complaint against LANDMARK in the Twentieth Judicial Circuit in and for Lee County, Florida. On September 21, 2022, LANDMARK was served with a Summons and copy of the Complaint in connection with the state action. Plaintiff's Complaint asserts LANDMARK breached the insurance contract issued to Plaintiff by not affording it the

coverage Plaintiff believes it is owed and petitions for a declaration that it is entitled to coverage under policy for the alleged loss.[1]  Plaintiff alleges its damages in connection with this action are $4,424,818.19.[2]

Pursuant to 28 U.S.C. § 1446(b), LANDMARK timely files this Notice of Removal within one year of the filing of the Complaint and within thirty (30) days of being served with the Complaint.

## VENUE

Venue is proper in the United States District Court, Middle District of Florida, Fort Myers Division because the action originated in Lee County, Florida.

## JURISDICTION

This Court has jurisdiction.  The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, LANDMARK is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The

---

[1] Plaintiff's Complaint and all State Court Pleadings are attached hereto as **Composite Exhibit "1."**
[2] **Composite Exhibit "1"**, Plaintiff's Complaint, ¶ 17.

phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its 'nerve center'"). Here, LANDMARK is, and was at the time Plaintiff's Complaint was filed in Florida state court, a corporation organized under the laws of the State of New Hampshire, with its principal place of business in the State of Georgia. Accordingly, LANDMARK is a citizen of New Hampshire and Georgia for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

Plaintiff is also a corporation which is, and was at the time it filed its Complaint, organized under the laws of the State of Florida, with is principal place of business in Fort Myers, Florida.[3] Accordingly, Plaintiff is a citizen of Florida for the purposes of determining diversity under 28 U.S.C. § 1332(a)(1), and the parties are completely diverse.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

LANDMARK bears the burden of establishing jurisdictional amount by a preponderance of the evidence. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209-11 (11th Cir. 2007). As stated above, Plaintiff alleges in its Complaint, its damages are $4,424,818.19. Accordingly, the amount in controversy between Plaintiff and LANDMARK for damages related to the insurance contract exceeds the $75,000.00, prerequisite for diversity jurisdiction.

---

[3] Plaintiff's documentation from the Florida Department of State, Division of Corporations is attached hereto as **Exhibit "2."** *See also* **Composite Exhibit "1"**, Plaintiff's Complaint, ¶ 2.

## CONCLUSION

This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as Plaintiff and LANDMARK are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## COMPLIANCE WITH 28 U.S.C. § 1446

Pursuant to 28 U.S.C. § 1446(d), LANDMARK provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.  Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.[4]

**WHEREFORE**, LANDMARK AMERICAN INSURANCE COMPANY requests this Court exercise jurisdiction over this matter.

---

[4] *See* **Exhibit "1."**

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Vincent A. Fernandez, Esq.
**WILLIAM R. LEWIS, ESQ.**
Florida Bar No.: 0879827
wlewis@butler.legal
**VINCENT A. FERNANDEZ, ESQ.**
Florida Bar No.: 1004601
vfernandez@butler.legal
Secondary:   ebeynon@butler.legal
                     tgarcia@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Counsel for Defendant,*
*Landmark American Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

BOYLE, LEONARD & ANDERSON, P.A.
Gregory L. Evans, Esq.
gevans@insurance-counsel.com
Maxwell H. Stape, Esq.
mstape@insurance-counsel.com
eservice@insurance-counsel.com
9111 W. College Pointe Drive
Fort Myers, FL 33919
*Counsel for Plaintiff,*
*Pointe Estero Condominium Association, Inc.*

by CM/ECF on October 19, 2022.

/s/ Vincent A. Fernandez, Esq.
**VINCENT A. FERNANDEZ, ESQ.**