UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

POINTE ESTERO
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                                                      Case No.:   2:22-cv-679-JLB-KCD

LANDMARK AMERICAN
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This first-party insurance dispute stems from Hurricane Irma. After suit was filed, Plaintiff Pointe Estero Condominium Association Inc. and Defendant Landmark American Insurance Company agreed to stay the litigation and proceed with appraisal. (Doc. 12.)[1] Their request was granted, and the case has been stayed ever since. (Doc. 14.)

Before going to appraisal, the parties executed a separate contract titled "Memorandum of Appraisal." (Doc. 20-3.) This agreement, in broad terms, frames how appraisal would proceed. Pertinent here is the penultimate paragraph: "In exchange for the same consideration, [Pointe Estero] also

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

agrees to limit the scope and amount of appraisal to that submitted in the Sworn Statement in of Loss signed and dated February 23, 2022, in the amount of $5,293,800.06 at Replacement Cost." (*Id.* at 1.)

The appraisal panel met in July 2023 "and each party made its presentation to the umpire as to the amount of the loss due to Hurricane Irma." (Doc. 20 at 4.) Pointe Estero submitted an estimate for "approximately $5,000,000.00 RCV." (*Id.*) Notably, this amount differs from Pointe Estero's sworn proof of loss—***it is several hundred thousand dollars less***.

Apparently unsatisfied that Pointe Estero asked for less money, Landmark is back before this Court seeking relief. It "contends that [Pointe Estero's] appraiser exceeded the scope of the parties' [agreement]." (Doc. 20 at 1.) Landmark thus wants the Court to "to lift the stay on the litigation, stay or suspend appraisal, and resolve the dispute regarding the appraisal agreement." (*Id.* at 2.)

So to recap. The parties entered a contract that purportedly limited Pointe Estero to its sworn proof of loss at appraisal. Pointe Estero then submitted an estimate at appraisal for less than the sworn proof of loss. And this warrants, according to Landmark, stopping appraisal and litigating whether there was a breach of the parties' agreement.

Landmark is essentially seeking to enforce a partial settlement agreement made during the litigation. (*See* Doc. 20 at 8 (conceding that "the

Appraisal Agreement here is *a settlement agreement* which defined the parameters of the amount-of-loss determination" (emphasis added)). So the Court would need to exercise its supplemental jurisdiction to resolve this ancillary dispute. *See Moebius v. Moyal*, No. 16-CV-23110, 2021 WL 4255246, at *4 (S.D. Fla. Sept. 2, 2021). It declines to do so at this point. For starters, there is no pending claim for breach of contract related to the Memorandum of Appraisal. But regardless, there is no common nucleus of operative facts between the underlying litigation and this dispute about the appraisal agreement. Thus, judicial economy, convenience, fairness, and comity all weigh against stopping mid-stream and entertaining an offshoot claim. *See, e.g.*, *IAL Logistics India Ltd. v. William Sheppee (USA) Ltd.*, No. 5:18-CV-2864, 2019 WL 2925083, at *2 (N.D. Ohio July 8, 2019).

What is more, Landmark has an adequate remedy apart from the equitable and injunctive relief it now seeks (*i.e.*, suspending appraisal). As counsel conceded at the hearing on this matter, Landmark can file a breach of contract action in state court if Pointe Estero's divergence from the Memorandum of Appraisal damaged it in any way. Since Landmark can be made whole through a later proceeding, it makes little sense to suspend the appraisal process and start over. *See Sampson v. Murray*, 415 U.S. 61, 88 (1974) ("[T]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies[.]").

3

Accordingly, it is now **ORDERED**:

Landmark's Motion to Lift Stay on the Litigation, Suspend Appraisal, and for Enforcement of the Appraisal Agreement (Doc. 20) is **DENIED**. The next joint notice detailing the status of appraisal is due by October 30, 2023. **ENTERED** in Fort Myers, Florida this September 27, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record