UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

POINTE ESTERO
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                          Case No.:  2:22-cv-679-JLB-KCD

LANDMARK AMERICAN
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Plaintiff Pointe Estero Condominium Association Inc. previously moved to amend its complaint. (Doc. 58.)[1] No opposition was filed, and so the Court granted the motion as unopposed. (Doc. 66.) Defendant Landmark American Insurance Company now asks the Court to reconsider its decision because the motion was contested but it missed "the [response] deadline due to an honest clerical error." (Doc. 66 at 2.)

Landmark seeks relief under Federal Rule of Civil Procedure 60, which provides that a court may "relieve a party . . . from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect."

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

*Id.* at (b)(2). According to Landmark, its failure to respond to Pointe Estero's motion is "excusable neglect" that warrants reconsidering the merits. (Doc. 66 at 4.)

Landmark's argument fails at the start. "Rule 60(b) applies only to final judgments, final orders, or final proceedings." *Hooker v. Wilkie*, No. 8:18-CV-2000-T-36JSS, 2019 WL 12493601, at *2 (M.D. Fla. Dec. 16, 2019). The Court's order allowing an amended complaint is in no way final. Simply put, Rule 60 has no application here. Thus, Landmark's motion must be denied. *See, e.g.*, *Perez v. Future Motion, Inc.*, No. 6:22-CV-586-RBD-RMN, 2023 WL 3995465, at *2 (M.D. Fla. May 19, 2023).

But even assuming Landmark moved under the correct standard, the same result would follow. The crux of Landmark's case is that Pointe Estero's amended complaint is time-barred by the statute of repose. Consequently, leave to amend should have been denied. *See Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 535 (S.D. Ala. 2007) ("Unquestionably, leave to amend a pleading may properly be denied under Rule 15(a) when such amendment would be futile."). But Landmark can raise its timeliness challenge in a motion to dismiss directed at the amended complaint. Indeed, given the complexity of Landmark's position, its arguments are better considered under Rule 12(b)(6). *See, e.g.*, *D'Elia v. Indian River Cnty. Sch. Bd.*, No. 21-14215-CIV-SMM, 2022 WL 844836, at *3 (S.D. Fla. Mar. 22, 2022).

Accordingly, it is now **ORDERED**:

1. Defendant's Opposed Motion for Relief From, and Reconsideration of, this Court's Order Granting Plaintiff's Motion for Leave to Amend the Complaint (Doc. 66) is **DENIED**.

**ENTERED** in Fort Myers, Florida on February 9, 2024.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record